UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| JANICE JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>BRANCH BANKING AND TRUST<br>COMPANY (BB&T),<br>BRANCH BANKING AND TRUST<br>COMPANY (BB&T) REGISTERED AGENT,<br>SAMUEL I. WHITE, P.C., and<br>WILLIAM ADAM WHITE,<br><br>    Defendants. | Civil Action No. TDC-14-3155 |

**MEMORANDUM ORDER**

On October 13, 2015, the Court issued an Order finding that Plaintiff Janice Jackson had failed to state a claim and dismissing the above-captioned suit.  On November 12, 2015, Jackson filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b), which she has amended three times, most recently on April 12, 2016.  On April 6, 2016, Jackson filed an Emergency Motion for a Preliminary Injunction for Wrongful Eviction, which she amended on April 6, 2016.  The Motion for Relief from Judgment is now ripe, and no hearing is necessary on either motion.  *See* D. Md. Local R. 105.6.  For the reasons that follow, the Motion for Relief from Judgment and the Motion for a Preliminary Injunction are DENIED.

**I.    Jackson's Third Amended Motion for Relief from Judgment**

Under Rule 60(b), a motion seeking relief from a final judgment may be granted for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the

judgment is void; (5) the judgment has been satisfied, released, or discharged, is no longer equitable, or is based on an earlier judgment that has been reversed; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).

A review of the Motion reveals that Jackson generally has reasserted the same facts and legal theories offered in the Complaint and in response to the Motion to Dismiss, but has offered no basis for the Court to revisit its analysis of those theories.  Jackson has alleged fraud in her Motion, *see* Fed. R. Civ. P. 60(b)(3), but her allegation consists of the same underlying fraud claim that the Court dismissed in its October 13, 2015 Order.  As the Court found in the accompanying Memorandum Opinion, "[w]hile the Note's transfer is admittedly complicated, its complexity does not amount to invalidity, let alone false representation."  Mem. Op. at 7.  The other legal theories Jackson asserts in her Motion, including the "separation theory" and various claims under the Maryland and United States Constitutions, were similarly dismissed in the Court's previous Order.

Jackson has asserted a new legal theory that Maryland Attorney General Brian E. Frosh failed to intervene in her foreclosure proceedings in violation of Federal Rule of Civil Procedure 5.1, but her claim is misguided for two reasons.  First, Rule 5.1 states that "the attorney general *may* intervene" within 60 days after notice drawing into question the constitutionality of a state statute is filed or after the court certifies the challenge, not that he *must* intervene.  *See* Fed. R. Civ. P. 5.1(a)(2) (emphasis added).  Therefore, Attorney General Frosh did not have a duty to intervene in Jackson's foreclosure proceedings under Rule 5.1.  Second, and irrespective of whether Attorney General Frosh had a duty to intervene, Jackson does not explain why she did not raise this claim in her Complaint or seek to amend her Complaint to include it.

Jackson also references several exhibits not addressed in the Court's Memorandum Opinion. With one exception, however, these documents pre-date the Court's ruling and therefore do not constitute newly discovered evidence. Moreover, those exhibits are offered to support Jackson's factual allegations that Defendants Branch Banking and Trust Company ("BB&T"), Samuel I. White, P.C., and William Adam White pursued foreclosure fraudulently and in violation of the Bankruptcy Code, allegations which the Court assumed to be true for purposes of the motion to dismiss. The dismissal of Jackson's claim was based not on a disagreement with Jackson's factual allegations, but on the lack of a cognizable legal theory that would establish that the asserted facts violated federal or state law.

Jackson does reference a Writ of Possession issued by the Circuit Court for Prince George's County, Maryland on February 18, 2016, which she claims contradicts a February 22, 2013 bank officer's affidavit stating that the "property is nonowner occupied," Pl.'s 2d Am. Mot. Relief J. Ex. B, Cannon Aff., ECF No. 17-3. But the Writ, which does not specify whether the property was occupied as of February 18, 2016, does not contradict the earlier affidavit, which stated that the property was not occupied by the owner three years earlier. It therefore provides no basis to reconsider the Court's ruling.

For these reasons, Jackson has failed to identify grounds for relief from judgment pursuant to Rule 60(b). The Motion is denied.

## II.     Jackson's Amended Motion for a Preliminary Injunction

Jackson has also filed an Amended Motion for a Preliminary Injunction in response to the Writ of Possession, claiming that she is in "imminent danger." Pl.'s Am. Mot. Prelim. Inj. at 2, ECF No. 19. A party seeking a preliminary injunction or temporary restraining order must demonstrate that: (1) there is a likelihood of success on the merits; (2) there is likely irreparable

harm in the absence of preliminary relief; (3) the balance of equities tips in that party's favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010). Because Jackson's Motion for Relief from Judgment is denied, and her case therefore remains closed, she has failed to demonstrate that there is a likelihood of success on the merits. *See id.* Therefore, her Amended Motion for a Preliminary Injunction is denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Third Amended Motion for Relief from Judgment, ECF No. 21, is DENIED.

2. The Amended Emergency Motion for Preliminary Injunction to Stop Wrongful Eviction, ECF No. 19, is DENIED.

3. The Clerk is directed to mail a copy of this Order to Jackson.


Date:  April 13, 2016                                              /s/
                                                              THEODORE D. CHUANG
                                                              United States District Judge